**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSE DEJESUS-CHACON

    Petitioner,

-vs-                                                    Case No.  8:00-CR-408-T-30EAJ
                                                                          8:05-CV-640-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2004 convictions for drug-related charges (CV Dkt. 1) and a Motion for Enlargement of Time (CV Dkt. 2). Although Petitioner's § 2255 motion was not received by the Clerk for filing until April 1, 2005, Petitioner executed the motion on February 14, 2005.

The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[2] and finds, for reasons set forth below, that the motion

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2005). Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

should not be served on Respondent until Petitioner has had an opportunity to cure deficiencies in the motion which might otherwise prevent him from presenting all of his claims. *See* 28 U.S.C. §§ 2244(b) and 2255 ¶ 8.

Contrary to the express directions of Rule 2(b), the § 2255 motion does not "state the facts supporting each ground" asserted therein. *See* Rule 2(b), Rules Governing Section 2255 Proceedings (2005). In fact, Petitioner fails to make **any** factual allegations in his motion. Instead, Petitioner states as follows:

> Ground One:        Ineffective Assistance of Counsel
>
> Supporting Facts:  My attorney failed to challenge the indictment, sentencing factors, etc. Additionally, he failed to advance certain viable defenses that were available to him in my behalf. Fed. R. Crim. P. Rule 12 states that both these issues are primary functions of the criminal defense attorney. See brief in support for further facts and law.

Dkt. 1 at 5. Petitioner did not file a brief in support of the motion. Instead, he filed a motion requesting an additional sixty (60) days in which to prepare said brief.

It is apparent from the Certificate of Timely Filing attached to the § 2255 motion that when Petitioner filed it, he believed that his one-year limitations period would expire on February 23, 2005. His calculation is incorrect. Petitioner's judgment of conviction was entered on February 17, 2004 (CR Dkt. 139). Petitioner's conviction and sentence were affirmed by the appellate court on November 12, 2004 (Dkt. 155). Petitioner's conviction became final on February 10, 2005. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (finding that "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Thus, Petitioner has until February 10, 2006, to file a timely § 2255 motion. *See* 28 U.S.C. § 2255 ¶ 6. ("A 1-year period of limitation shall

apply to a motion under this section. The limitation period shall run from . . . the date on which the judgement of conviction became final"); Sup. Ct. R. 13.1. Petitioner has more than 200 days remaining in which to file a timely § 2255 motion.

The Rules Governing Section 2255 Proceedings, which have been adopted in this district, require that the motion be in substantially the form appended to the rules. *See* Rule 2(c), Rules Governing Section 2255 Proceedings in United States District Courts (2005). When, as in the instant case, the petitioner fails to set forth a legally sufficient claim for relief because he omitted the factual support for his claim from the form, its usefulness is substantially diminished. The Court will only consider claims raised by Petitioner in the § 2255 motion; it will not act as researcher/investigator on a scavenger hunt for claims on Petitioner's behalf. Moreover, this matter will not proceed piecemeal.

Even though he is proceeding *pro se*, Petitioner is bound by the rules requiring that any pleading setting forth a claim for relief "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . " Fed. R. Civ. P. 8(a). There can be no question that the Petitioner motion runs afoul of this basic rule. Pleadings drafted by laymen are, however, to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A petitioner is not required to prove his claim in his motion, but he must allege sufficient facts therein which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. The instant motion does not contain sufficient facts to constitute a viable claim for relief in a federal habeas court. "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*

*Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995).

Where, however, it appears that a more carefully drafted petition might state a claim upon which relief can be granted, a district court should give a Petitioner an opportunity to amend his motion instead of dismissing it. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Given Petitioner's *pro se* status, the Court will afford him an opportunity to amend his motion. Petitioner is cautioned, however, that mere conclusions of law unsupported by any facts are insufficient to support a claim for federal habeas relief. It is the relationship of the facts to the claim asserted in the motion that is important. *See* Rule 2(e), Rules Governing Section 2254 Cases advisory committee note. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (holding that "a petitioner must state specific, particularized facts which . . . . consist of sufficient detail to enable the court to determine, *from the face of the petition alone*, whether the petition merits further habeas corpus review" (emphasis added)); *Passic v. Michigan*, 98 F.Supp. 1015, 1016 (E.D. Mich. 1951). To secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

ACCORDINGLY, the Court **ORDERS** that:

1.      The Clerk shall **STRIKE** the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).

2.      The Motion for Enlargement of Time (CV Dkt. 2) is **DENIED**.

3. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, **either** file a motion to voluntarily dismiss these proceedings without prejudice[3] pursuant to Fed. R. Civ. P. 41(a)(1) **or** file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the form. Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the claim(s).  Petitioner may also file a memorandum of law in support of his motion, not to exceed 20 pages in length.  *See* Local Rule 3.01(c).

4. Failure to comply with the terms of this order within the allotted time shall result in the automatic **dismissal** of this case **without further notice**.[4]

5. The **Clerk** shall enclose two copies of the court-approved form for use in filing § 2255 motions with Petitioner's copy of this order.  This case number should be affixed to the forms.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner
AUSA Arthur Lee Bentley, III

SA:jsh

---

[3] A dismissal without prejudice does not excuse Petitioner from the one-year period of limitation.

[4] The time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001); *Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).