UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE DeJESUS CHACON ,

    Petitioner,

v().                                           CASE NO: 8:06-CV-257-T-30EAJ
                                               Crim. Case No.: 8:00-CR-408-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on February 16, 2006, and Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #6). Petitioner challenges the sentence imposed following his 2004 convictions for drug a drug related offense. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

Petitioner, Jose Dejesus Chacon (hereinafter referred to as "Chacon" or "Petitioner"), pled guilty on November 3, 2003, to (1) conspiring to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(viii); and (2) possession with intent to distribute 500 grams or more of methamphetamine, in

violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. §2. On February 13, 2004, the Court sentenced Petitioner to a term of 121 months of imprisonment, to be followed by a three-year term of supervised release.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed Petitioner's conviction on November 15, 2004. Petitioner did not file a writ of certiorari to the United States Supreme Court.

On April 15, 2005, Petitioner filed a motion pursuant to 28 U.S.C. §2255, which at his request, the Court later dismissed without prejudice. On February 16, 2006, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1. Counsel was ineffective for failing to move to dismiss the indictment on the ground that the statute pursuant to which he was convicted was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 543 U.S. 220 (2005).

2. Counsel was ineffective for failing to move to dismiss the indictment for pre-indictment delay.

3. Counsel was ineffective for failing to file a motion to sever.

4. Counsel was ineffective for failing to argue at sentencing that he should receive a two-level downward adjustment for his role in the offense.

5. Counsel was ineffective for failing to argue at sentencing that he was "safety valve" eligible.

6. Counsel was ineffective for "trying to get my sister to give him $10,000.00". Counsel "took advantage of my ignorance of the law and my inability to speak and understand English. He failed to present any type of defense in my behalf, or to define for the Court my role in the offense."

**Standard of Review**

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The criterion for attorney performance is that of reasonably effective assistance. The standard of reasonableness is an objective one that may be measured by using professional

norms as guidelines. The inquiry is whether counsel's performance was reasonable under the circumstances. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Every effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

The Eleventh Circuit has reiterated that effective assistance of counsel does not mean errorless assistance, and that an attorney's performance is to be judged on a totality of the circumstances in the entire record rather than on specific actions. Green v. Zant, 738 F.2d 1529, 1536 (11th Cir.), cert denied, 469 U.S. 1098 (1984). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). The courts are free to dispose of ineffectiveness claims on either of Strickland's two grounds. Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998)).

**Discussion**

I.   **Failure to dismiss indictment on unconstitutional grounds.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner states:

> Counsel was ineffective for failing to challenge the indictment itself on the basis that it was based on a statute rendered unconstitutional by Apprendi v. New Jersey.

Petitioner is precluded from making this argument. Petitioner pled guilty to the indictment on November 3, 2003. Petitioner's claim of ineffective assistance of counsel relates to ineffectiveness that occurred prior to his guilty plea. A guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea. Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) citing Tollett v.Henderson 411 U.S. 258 (1973). Petitioner cannot claim ineffective assistance of counsel claims for alleged violations that occurred prior to his guilty plea.

Regardless, even if Petitioner's claim were not waived by his plea, he would still not be afforded relief. The Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. A defendant has the right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. Id. at 749. Under a mandatory guideline scheme, this right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant. Id. However, petitioner's conviction was final on

November 12, 2004, the day the 11th Circuit affirmed petitioner's conviction. Booker does not apply retroactively to cases, such as petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Further, Petitioner claims the statute with which he was charged was rendered unconstitutional by Apprendi. Apprendi dealt with sentencing procedures, it did not render any statute unconstitutional. Petitioner does not identify any defect in the indictment or sentence.

## II.     Failure to move to dismiss the indictment for pre-indictment delay.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to move to dismiss the indictment for pre-indictment delay. As stated previously in Section I, Petitioner waived all non-jurisdictional claims prior to his guilty plea, and is precluded from making this argument. See Tiemens at 929.

Regardless, had Petitioner's claims not been procedurally waived, he would still not be entitled to relief. To prevail on a claim of pre-indictment delay, the defendant must show that: (1) he suffered substantial prejudice, and (2) that the delay was the product of deliberate action by the Government to gain a tactical advantage. U.S. v. Hayes, 40 F.2d 362, 365 (11th Cir. 1994) citing United States v. Young, 906 F.2d 615, 620 (11th Cir. 1990). In the instant case, Petitioner has failed to show either substantial prejudice, or that the dely was the product of deliberate governmental action. Therefore, Petitioner's counsel was not ineffective under Strickland for failing to move to dismiss the indictment for pre-indictment delay. Strickland at 694. Petitioner has failed to show that counsel's performance was below an

objective standard of reasonable professional assistance. Id.

### III.  Counsel's failure to file a motion to sever.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel was ineffective for failing to file a motion to sever. Once again, as stated in section I, Petitioner is precluded from making this argument because he waived all non-jurisdictional claims prior to his guilty plea. See Tiemens at 929.

Moreover, it appears that Petitioner is factually inaccurate in his assertions. By the time Petitioner was apprehended, the legal proceedings against his co-defendants were completed.[1] As such, Petitioner has failed to show that counsel's performance was below an objective standard of reasonable professional assistance. Strickland at 694.

### IV.  Failure to argue a two-level reduction at sentencing.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel was ineffective for failing to argue at sentencing that he should receive a two-level downward adjustment for his role in the offense. Petitioner's claim is without merit.

On February 13, 2004, at Petitioner's sentencing, the following relevant colloquy took place:

> Mr. Espinosa-Montalban: On behalf of Mr. Chacon, the defense would have one objection to the P.S.R. We made those objections known to the probation officer and the government, and the basis for that objection is the denial or non-consideration of minor role downward adjustment in this case.

---

[1] See 8:00-cr-00408-JSM-1 at 94, 8:00-cr-00408-JSM-2 at 71, 8:00-cr-00408-JSM-3 at 45.

> As portrayed in the pre-sentence report and in the facts of this case, this case stems from a shipment of methamphetamines from California, in fact in October of last year, October 16th of the year 2000.
>
> A canine in the postal office in San Bernadino detected contraband, a package that was addressed to a person, a co-defendant, in Winter Haven, Florida. Up to the date of the arrest, October 20th of the year 2000, the defendant maintains that Mr. Chacon had not been involved in the conspiracy. It was on the date that he arrived at Mr. Asciega's house, the co-defendant in this case, that he handled and says the agreement to participate in this agreement was formed.
>
> Based on that, and in comparison to the other defendants involved in this conspiracy, the defense believes that Mr. Chacon meets the guidelines, the parameters of the minor role, and would ask the Court to downward depart and grant him a minor role starting at Level 30, and with the two levels of acceptance of responsibility and the safety valve, that would considerably reduce his sentence.
>
> The Court: I deny that as to the quantity of drugs that he was charged with in this case. He was just as involved as his co-conspirators. [2]

The record is clear that Petitioner's counsel did in fact argue for a two-level downward adjustment for his role in the offense. Therefore, Petitioner's counsel was not ineffective under <u>Strickland</u> for failing to argue for a two-level downward departure at sentencing. Petitioner has failed to show that counsel's performance was below an objective standard of reasonable professional assistance. <u>Strickland</u> at 694.

## V.   Failure to argue for "safety valve" eligibility at sentencing.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because counsel was ineffective for failing to argue Petitioner was "safety valve"

---

[2] See CR DKT#149 at 3-5.

eligible. Petitioner's claim is without merit.

It is clear from the pre-sentence report that Petitioner was in fact found to be "safety valve"eligible.[3] Petitioner's counsel acknowledged this finding at Petitioner's sentencing on February 13, 2004.

> Mr. Espinosa-Montalban: Based on that, and in comparison to the other defendants involved in this conspiracy, the defense believes that Mr. Chacon meets the guidelines, the parameters of the minor role, and would ask the Court to downward depart and grant him a minor role starting at Level 30, and with the two levels of acceptance of responsibility and the safety valve, that would considerably reduce his sentence.

Because the Court found that Petitioner was "safety valve" eligible, Petitioner's counsel was not ineffective under Strickland for failing to argue for "safety valve" eligibility at sentencing. Petitioner has failed to show that counsel's performance was below an objective standard of reasonable professional assistance. Strickland at 694.

**VI.    General ineffective assistance of counsel claims.**

Petitioner contends that counsel was ineffective for "trying to get my sister to give him $10,000.00". Petitioner further contends that counsel: "took advantage of my ignorance of the law and my inability to speak and understand English. He failed to present any type of defense in my behalf, or to define for the Court my role in the offense."

With respect to Petitioner's claim of "trying to get my sister to give him $10,000.00," Petitioner has failed to meet the burden for ineffective assistance of counsel under Strickland.

---

[3] See Defendant's Pre-sentence Investigation, Docket No.8:00-CR-408-T-EAJ at un-numbered page 2, and page 4.

Not only does Petitioner fail to offer any evidence to substantiate his claim, he cannot show that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Strickland at 694. Therefore, Petitioner is not entitled to relief.

Petitioner also contends that counsel "took advantage of my ignorance of the law and my ability to speak and understand English." Petitioner's claim is without merit. Petitioner fails to mention how this alleged error prejudiced his defense, or how counsel's performance was below an objective standard of reasonable professional assistance. Strickland at 694. Petitioner has failed to satisfy either prong of Strickland.

Further, Petitioner contends that counsel failed to present any type of defense on his behalf. If Petitioner is referring to a lack of defense prior to his guilty plea, as stated previously, he is precluded from making those claims. See Tiemens at 929. Moreover, Petitioner has failed to show that counsel's performance post-guilty plea was below an objective standard of reasonable assistance under Strickland. Because Petitioner has failed to satisfy the first prong of Strickland, it is unnecessary for this court to address the second.

Lastly, Petitioner contends that counsel failed to define for the Court his role in the offense. Petitioner's claim is without merit. Once again, Petitioner is precluded from arguing counsel's failure to define a role prior to his guilty plea. See Tiemens at 929. If Petitioner is contending that counsel failed to define for the Court his role in the offense in sentencing, he is incorrect factually. The record shows, that during Petitioner's sentencing on February 13, 2004, counsel did in fact argue that Petitioner should be granted a minor role reduction.

For the aforementioned reasons, Petitioner's counsel was not ineffective under Strickland for failing to define for the Court his role in the offense . Petitioner has failed to show that counsel's performance was below an objective standard of reasonable professional assistance. Strickland at 694.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close the case.

3. The Clerk is directed to terminate the pending motion to vacate (CR Dkt. #163) in the underlying criminal case number 8:00-cr-408-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
All Counsel/Parties of Record